**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES BRIAN CHAPPELL, #1003411,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **3:04-CV-2576-N** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| **JAMES BRIAN CHAPPELL, #1003411,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **3:04-CV-2747-P** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  These are petitions for a writ of habeas corpus brought by a state prisoner

pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Livingston, Texas. Respondent is the Director of the TDCJ-CID.  The court issued process in this case.

Statement of the Case:  Petitioner was indicted for possession of methamphetamine with intent to deliver, and possession of a firearm by a felon, with two prior felony convictions alleged for enhancement purposes, in Criminal District Court No. 5 of Dallas County, Texas, in Cause Nos. F99-37535-PL and F99-37536-PL.  Following his pleas of not guilty and not true to the enhancement paragraphs, Petitioner was convicted by a jury who found the prior convictions to be true.  Punishment was assessed at fifty-five years imprisonment in both cases.  Petitioner's convictions and sentences were affirmed on direct appeal.  Chappell v. State, Nos. 05-00-01409-CR and 05-00-01410-CR (Tex. App. -- Dallas, 2001, pet ref'd).

On October 16, 2003, Petitioner filed two state applications for writ of habeas corpus, pursuant to art. 11.07, Tex. Code of Crim. Proc, raising the grounds at issue in this case.  Ex parte Chappell, Nos. 58,620-01, and 58,620-02, at 2.  The Texas Court of Criminal Appeals denied the applications without written order on August 25, 2004.  Id., at cover.

In his federal petitions, filed on September 27, 2004, and November 29, 2004, Petitioner alleges (1) he was denied the effective assistance of counsel; (2) his conviction was obtained by evidence gained pursuant to an unlawful search and seizure; (3) the trial court abused its discretion by denying Petitioner's motion to suppress and allowing testimony to be read back to the jury; and (4) the district attorney allowed a witness to give false testimony.  (Pet. at 7-8 and

Memorandum in support).[1]

In response to this court's orders to show cause, Respondent filed an answer in each of the above cases seeking the dismissal of the petitions as time barred.  Petitioner has not objected.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph  (B) that prevented him from filing his federal petition .  Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court

---

[1]      For purposes of this recommendation, the petitions are deemed filed on September 24, 2004, and November 18, 2004, the dates on which Petitioner signed and placed them in the prison mail.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).
        Petitioner initially filed these actions in the United States District Court for the Eastern District of Texas, Sherman Division, which in turn transferred them to this court on November 30, 2004, and December 21, 2004.  Chappell v. Dretke, Nos. 4:04cv334 and 4:04cv417.

determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgments of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's convictions became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's convictions became final for purposes of the one-year period on April 9, 2002, the last day on which he could have filed petitions for writ of certiorari in the United States Supreme Court from the January 9, 2002 orders denying his requests for discretionary review.  See Sup. Ct. R. 13; Clay v. United States, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072, 1077 n.3, 155 L.Ed.2d 88 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000); Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998).  The one-year period began to run on April 10, 2002, the day after his convictions became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.1998), and elapsed one year later on April 9, 2003.

Petitioner did not file his federal habeas petitions until September 24 and November 18, 2004, more than one year after the running of the one-year period.  Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, see Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's art. 11.07 applications were not pending in state court during the one-year limitation period.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Flanagan, 154 F.3d at 202.  Rather they were filed on October 16, 2003, more than six months after the expiration of the one-year period.  Therefore, Petitioner's federal habeas petitions are untimely.

With respect to the doctrine of equitable tolling, the court notes that Petitioner does not rely on the same.  Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  Turner v. Johnson, 177 F.3d  390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity."  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).  Petitioner delayed the filing of his art. 11.07 applications, waiting until long after the expiration of the one-year period.  Following the denial of his art. 11.07 application, he waited one month before submitting his federal petition in No. 3:04cv2576, and almost three entire months before submitting the federal petition in No. 3:04cv2747.  These delays – clearly of Petitioner's own making – do not evince due diligence.  "[E]quity is not intended for those who sleep on their rights.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, the magistrate judge concludes that Petitioner is not entitled to equitable tolling.[2]

---

[2]     Prior to the transfer of the federal petition in No. 3:04cv2576-N, Petitioner filed objections to the findings, conclusions and recommendation of Magistrate Judge Don Bush, which recommended dismissal of the federal petition on limitation grounds.  See Objections filed on October 25, 2004.  In those objections, he relied on the mailbox rule as a basis for asserting that his art. 11.07 application in No. 58,620-02 should be deemed filed as of December 20, 2002, the date on which he allegedly mailed it through the prison mail system at the Collin County Detention Facility.  Id. at 1.  Apparently, Petitioner did not receive written confirmation that his art. 11.07 application had been filed and, as a result in October 2003, he submitted a second set of his art. 11.07 application in No. 58,620-02.  Id. at 2.  The state court record reflects that the

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas

corpus petitions as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner and counsel for

Respondent.

Signed this 15th day of July, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.

---

state application filed in No. 58,620-02 was signed on November 16, 2002, and that the state
application filed in No. 58,620-01 was signed on September 28, 2003.
    Contrary to Petitioner's assertion, the federal mailbox rule does not apply to the filing of
state habeas applications.  See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (declining
to extend the mailbox rule to the determination of filing dates for state habeas applications.  But
noting that when a prisoner asserts that his ability to file a federal habeas petition has been
affected by a state proceeding, a court should examine the facts to determine whether the
prisoner is entitled to equitable tolling).  Moreover, since the transfer of the federal petitions,
Petitioner has neither objected to Respondent's answers nor reasserted his contention that he is
entitled to equitable tolling because he mailed one of his art. 11.07 applications more than three
months before the expiration of the one-year period.